## Case No. 5,254.

### In re GARRISON.

[5 Ben. 430; [1] 7 N. B. R. 287.]

District Court, S. D. New York.    Jan., 1872.

#### TRADESMAN—BOOKS OF ACCOUNT.

A bankrupt's occupation had been that of a stair-builder. He bought lumber, nails and other materials, and, by the labor of workmen employed by him, wrought the materials into stairs, for persons who gave him orders to build the stairs, and paid him a gross sum therefor. He kept no books except a memorandum book of men's time: *Held*, that he was a merchant or tradesman, and had not kept proper books of account, and that he was, therefore, not entitled to a discharge in bankruptcy.

{Cited in Re Archenbrown, Case No. 505.]

[Cited in Re Howard, 59 Vt. 595, 10 Atl. 716; Re Good, 78 Cal. 399, 20 Pac. 861.]

[In bankruptcy. In the matter of Edward Garrison.]

Salter & Cowing, for bankrupt.
Stephen A. Walker, for creditors.

BLATCHFORD, District Judge. In this case I must refuse a discharge, on the third specification filed by the creditors Smith & Williams, without reference to any other specifications. That specification is, that the bankrupt, being a merchant or tradesman, has not, subsequently to the passage of the act [of 1867 (14 Stat. 517)], kept proper books of account.

He was a merchant or tradesman. His occupation was that of a stair-builder. He bought lumber, nails and other necessary materials, and, by the labor of workmen employed and paid by him for the purpose, wrought such materials into stairs, for persons who gave him orders to construct such stairs, and received as compensation, from such persons, a gross price for the stairs delivered and completed. He was none the less a tradesman because he was, also, a manufacturer of the stairs, or because he did not re-sell the lumber and other materials in the same state in which he bought them, or because he did not buy and sell completed stairs.

He kept no cash book. Such books as he kept furnish no intelligible account of his transactions. A large part of the outstanding debts against him, set forth in his schedules, are debts for lumber bought on credit, and used in his business. He testifies that he kept no books except a memorandum book of men's time; that he has no means of testifying respecting his business for the two years prior to the filing of his petition, except his memory, and, possibly, some paid bills and accounts rendered, and some of such memorandum books. His petition was filed on the 30th of December, 1868. He testifies that he cannot tell what amount of debts was owing to him, or by whom, on the 1st of January, 1868, or what amount of

debts he owed on that day, or to whom. His schedules show debts to the amount of over $7,000, nearly all of the amount contracted during the year 1868, and nearly all of it for lumber for his business. Persons who buy on credit and sell again, in such wise as to be merchants or tradesmen, must see to it, in order to be in a position, when misfortune overtakes them, to obtain the benefits of the bankruptcy act, that they keep such books in relation to their business, as will furnish an intelligible account to their creditors of the state and course of their business transactions, not leaving such account to be made up from memory or from sources other than such books.

A discharge is refused.